FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUISA S. GUERRERO, ) | CIVIL NO. 07-00612 HG-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPORT OF SPECIAL MASTER ON PETITION
FOR ATTORNEY FEE PURSUANT TO § 206(B)(1)**

Before the Court, pursuant to a designation by Senior United States District Judge Helen Gillmor, is Petitioner Mark D. Debofsky's ("Petitioner") Petition for Attorney Fee Pursuant to § 206(b)(1) ("Petition"), filed on January 4, 2010. Petitioner requests an award of $18,389.00 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1),[1] subject to a credit of $6,260.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), filed his response on February 5, 2010, and Petitioner filed his reply on February 24, 2010. Plaintiff Luisa S. Leon Guerrero[2] ("Plaintiff") has not objected to

---

[1] Section 206 of the Social Security Act is codified in 42 U.S.C. § 406.

[2] Petitioner states that Plaintiff passed away in November
(continued...)

Petitioner's requested fees.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.  The Court RECOMMENDS that the district judge award Petitioner $18,389.00 in attorney's fees, and order Petitioner to reimburse Plaintiff $6,260.00 for the stipulated EAJA fees.

## BACKGROUND

Plaintiff commenced this action on December 19, 2007, seeking review of Defendant's decision that she was not entitled to social security disability insurance benefits.  On February 13, 2009, this Court issued its Findings and Recommendation to Grant Plaintiff's Motion for Summary Adjudication ("F&R").  This Court recommended that the district judge reverse Defendant's decision and remand the case for further proceedings consistent with this Court's findings.  On March 10, 2009, the district judge adopted the F&R, with one modification to the text of the F&R.  Final judgment was entered pursuant to the district judge's order later that day.

---

[2](...continued)
2008 and that Plaintiff's daughter, Teena Marie Melo, filed substitution of party papers at the administrative level in April 2009.  [Petition at 1 n.1]  However, no corresponding documents were filed in the instant proceedings.

On June 8, 2009, Plaintiff filed a motion seeking attorney's fees pursuant to the EAJA, but Plaintiff later withdrew the motion.  On August 25, 2009, the district judge approved a Stipulation and Order Awarding Attorney Fees Under the Equal Access to Justice Act.  The parties stipulated that Defendant would pay Plaintiff's attorney's fees in the amount of $6,260.00 in connection with her legal representation in the district court proceedings.

On remand, the Administrative Law Judge issued a favorable decision, awarding social security benefits from November 2000, with past-due benefits totaling $73,556.00.  [Exh. A to Petition at 2.]

The instant Petition seeks an award of $18,389.00 in attorney's fees pursuant to § 406(b)(1) for legal services in the district court proceedings.  This amount represents twenty-five percent of the award of past-due benefits in accordance with the contingency fee agreement between Plaintiff and Petitioner.  The Social Security Administration withheld this amount from Plaintiff's award for direct payment to Petitioner.  [Petition at 2.]  The amount will be offset by the stipulated award of $6,260.00 in attorney's fees under the EAJA.  Petitioner argues that the requested § 406(b)(1) fee is reasonable and consistent with Ninth Circuit case law.

In his response, Defendant notes that he is a mere

stakeholder to the withheld fees and that his role is similar to that of a trustee for Plaintiff.  In that capacity, Defendant notes that the requested award represents an effective hourly rate of approximately $404.00 for all attorneys and staff.  Defendant states that the Court may wish to consider decisions by other district courts within the Ninth Circuit in which the requested fees were reduced.  [Response at 5-6 (citing Grunseich v. Barnhart, 439 F. Supp. 2d 1032 (C.D. Cal. 2006); Maples v. Astrue, No. 02-5889, 2008 WL 2074464 (E.D. Cal. May 14, 2008); Hunkapillar v. Astrue, No. 03-2240, 2008 WL 1925191 (N.D. Cal. Apr. 29, 2008); Ellick v. Barnhart, 445 F. Supp. 2d 1166 (C.D. Cal. 2006)).]  Defendant, however, takes no position on the reasonableness of Petitioner's request.  [Id. at 7.]  Defendant emphasizes that, after the § 406(b)(1) fee has been determined, it must be offset by the EAJA award.

In his reply, Petitioner emphasizes that Defendant did not object to the requested fee.  Petitioner also argues that the analysis set forth in Defendant's response actually supports his request for fees.  Petitioner reiterates that he is entitled to the requested amount in light of the contingent nature of the representation, the express agreement between Plaintiff and her attorneys, and the absence of any reasons to depart from the authorized percentage of past-due benefits.

**DISCUSSION**

**I.    Entitlement to Attorney's Fees**

Petitioner seeks an award of attorney's fees pursuant to § 406(b)(1), which provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  Section 406(b) is unique in that it only allows attorney's fees when there is an award of past-due benefits.  See Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). A fee agreement which provides for a fee of more than twenty-five percent of the past-due benefits is not enforceable.  See id. at 807.  Even within the twenty-five percent limitation, the attorney seeking fees must establish that the requested fee is reasonable for the services rendered.  See id.

In the present case, the district judge adopted this Court's recommendation to reverse Defendant's unfavorable decision and remand for further proceedings.  Plaintiff received

past-due benefits as a result of the remand. The district court may therefore award attorney's fees under § 406(b)(1). See, e.g., Dulatre v. Astrue, CV 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Hawai'i Jan. 6, 2010) (citing McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Smith v. Bowen, 815 F.2d 1152, 1155 (7th Cir. 1987) (en banc); Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967)). This Court will therefore focus on the evaluation of the reasonableness of the requested fee under the contingency fee agreement.

## II. Evaluation of Award

### A. Contingency Fee Agreement

On December 12, 2007, Plaintiff entered into a contingency fee agreement with Frederick Daley, Jr., an attorney with Petitioner's law firm. [Exh. B to Petition.] The agreement provides, *inter alia*, that the legal representation would not cost Plaintiff more than twenty-five percent of the past-due benefits awarded. [Id. at 1.] The agreement conforms with the limitation in § 406(b)(1)(A) and is therefore reasonable on its face. This Court, however, must still inquire into the reasonableness of the attorney's fees ultimately calculated under the agreement.

### B. Reasonableness of the Requested Fee

In determining whether the contingency fee is reasonable, a court must consider factors such as the attorney's

risk of loss, the character and result of the attorney's representation, whether any delays in the case were attributable to the representation, the number of hours the attorney spent on the case, and the attorney's customary billing rate in non-contingency fee cases.  See Gisbrecht, 535 U.S. at 805, 808.  The Court, however, emphasizes that it considers the number of hours the attorney spent on the case and the attorney's customary hourly rate "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement[.]"  See id. at 808.

    **1.  Risk of Loss**

Attorneys in social security cases assume the risk of non-payment because they may only recover fees if the plaintiff obtains an award of past-due benefits.  "As a general principle, social security claimants 'prevail only about thirty-five percent of the time.'"  Dulatre, 2010 WL 26537, at *3 (quoting Davis v. Astrue, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007) (citing Social Security Advisory Board, Disability Decision Making: Data and Materials (January 2001), at 86, available at <http://www.ssab.gov/Publications/ Disability/chartbook B-pdf>); Faircloth v. Barnhart, 398 F. Supp. 2d 1169, 1173 (D.N.M. 2005) ("A report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits.")).  The instant case was not

unusually complex and should not have seemed particularly unwinnable to an attorney evaluating the case before agreeing to represent Plaintiff.  Petitioner, however, had to accept some risk of loss when his law firm took Plaintiff's case.

### 2. Character and Result of the Representation

Petitioner and Mr. Daley, the lead counsel in this case, have been practicing law since 1980 and 1973, respectively. They are both licensed to practice in numerous courts, and they have significant experience in social security benefits litigation.  [Exh. D to Petition at 1-3.]  Their law firm more than adequately represented Plaintiff, who succeeded in having Defendant's original decision reversed and ultimately obtained an award of past-due benefits.  In light of Plaintiff's favorable outcome, there is no basis to reduce Petitioner's requested fee for inadequate representation.

### 3. Delays Attributable to Counsel

A Court will reduce the requested § 406(b)(1) fee if counsel caused delays in the case "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."  Gisbrecht, 535 U.S. at 808.  In the present case, there is no evidence that Petitioner, or anyone else from his law firm, delayed this case.  Thus, there is no basis to reduce Petitioner's requested fee for delays attributable to counsel.

### 4.     Hours Expended and Standard Billing Rate

Although Gisbrecht rejected the use of the traditional lodestar method in determining § 406(b)(1) fee awards, the Supreme Court stated that courts may use the lawyer's "record of the hours spent representing the claimant and . . . the lawyer's normal hourly billing charge for noncontingent-fee cases" as aids in assessing the reasonableness of the requested fee.  See id.

Petitioner and his law firm spent 45.55 hours on this case consisting of the following:

| NAME | POSITION | HOURS |
|---|---|---|
| Frederick Daley | attorney | 6.80 |
| Mark Debofsky | attorney | 1.00 |
| Kimberly Jones | attorney | 28.00 |
| Suzanne Blaz[3] | paralegal | 2.05 |
| Ashley Labasan | paralegal | 7.70 |
| | TOTAL: | **45.55** |

[Exhs. D & E to Petition.]

Petitioner requests a § 406(b)(1) fee of $18,389.00, resulting in an effective hourly rate of $403.71 for all attorneys and paralegals.  This is within the range of acceptable hourly rates, as recognized in prior decisions in this district. See, e.g., Dulatre, 2010 WL 26537, at *3 (citing Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving a de facto hourly rate of $450); Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (approving effective hourly rate of

---

[3] Although Ms. Blaz graduated from law school in 2007, her position at the law firm is head law clerk/paralegal.  [Exh. D to Petition at 30.]

$643); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D.W. Va. 2003) (approving effective hourly rate of $1,433); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving effective hourly rate of $977); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving effective rate of $605); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving effective hourly rate of $350.49)).

Defendant suggests that this Court consider district court decisions reducing the requested § 406(b)(1) award.  For example, Defendant cites Grunseich v. Barnhart, 439 F. Supp. 2d 1032 (C.D. Cal. 2006), and Ellick v. Barnhart, 445 F. Supp. 2d 1166 (C.D. Cal. 2006).  [Response at 5-6.]  The requested fees in those cases, however, resulted in effective rates far exceeding the effective rates in this case.  See Ellick v. Barnhart, 445 F. Supp. 2d at 1172 ($933.39 per hour for counsel's time and $404.96 per hour for paralegal time); Grunseich, 439 F. Supp. 2d at 1033 ($1,242.36 per hour for counsel's time and $157.00 per hour for paralegal time).  The district court in Ellick ultimately found that de facto hourly rates of $550 for counsel and $238.63 for the paralegal were reasonable.  See 445 F. Supp. 2d at 1173.  The district court in Grunseich ultimately found that de facto hourly rates of $600.00 for counsel and $120.00 for the paralegal were reasonable.  See 439 F. Supp. 2d at 1035.

In the present case, this Court cannot determine the

effective hourly rates for the attorneys, as compared to the effective hourly rates for the paralegals, because Petitioner did not provide a statement of their standard hourly rates in non-contingency fee cases.  This Court will therefore assign a reasonable effective hourly rate of $120 per hour for the 9.75 hours of paralegal time, see id., for a total of $1,170.00 in fees for paralegal work.  The remaining $17,219.00 of the request fees is attributable to 35.8 hours of attorney work, for an effective hourly rate of $480.98.  This effective hourly rate is within the range of rates identified as reasonable in other cases, see supra, and is far below both the requested effective rates and the awarded effective rates for the attorneys in Grunseich and Ellick.  This Court therefore declines to reduce the requested fee in this case based on the number of hours expended and the effective hourly rates.

    **C.**   **Total Award**

This Court FINDS that the requested § 406(b)(1) fee of $18,389.00 is reasonable for the representation of Plaintiff in the proceedings before the district court.  The Court RECOMMENDS that Petitioner be awarded the requested amount in full.  From this amount, Petitioner shall reimburse Plaintiff $6,260.00 for the stipulated EAJA fees, resulting in a net fee award of $12,129.00.

**CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Mark Debofsky's Petition for Attorney Fee Pursuant to § 206(b)(1), filed on January 4, 2010, should be GRANTED. The Court RECOMMENDS that the district judge: 1) award Petitioner $18,389.00 in attorney's fees; and 2) order Petitioner to reimburse Plaintiff $6,260.00 for the stipulated EAJA fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 25, 2010.



　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　United States Magistrate Judge

**LUISA S. GUERRERO V. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY; CIVIL NO. 07-00612 HG-LEK; REPORT OF SPECIAL MASTER ON PETITION FOR ATTORNEY FEE PURSUANT TO § 206(B)(1)**